UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Intercept Youth Services, Inc.,** | Civil Case No.: |
| Plaintiffs, | |
| v. | **Intercept Youth Services, Inc.'s complaint against Key Risk Insurance Company** |
| **Key Risk Insurance Company,** | |
| Defendant. | |

Intercept Youth Services, Inc. ("IYS") complains against Key Risk as follows.

## INTRODUCTION

1. This suit addresses whether the employers' liability insurance contract Key Risk sold to IYS provides for a defense against and indemnity from two underlying civil suits arising from the murders of two IYS employees while working.

2. The same person admits to killing hose two IYS employees while at work about four months apart from each other. The personal representatives for both decedents—Lizeth Lopez and Erica Hickson—have made workers' compensation claims, and those claims are now proceeding through Virginia's workers' compensation system.

1

3. Their representatives have now also each filed and served civil suits in Virginia circuit court against IYS on behalf of the respective estates of Lopez and Hickson (collectively, the "civil suits"). Accurate, authentic copies of the complaints in each suit as served on IYS are attached as Exhibits A and B and incorporated into this complaint.

4. Each of the civil suits seeks $10 million in damages, easily exceeding the jurisdictional minimum for this federal diversity action.

5. Key Risk contracted to cover IYS for its liability to employees both inside and beyond the workers' compensation scheme. That contract specifically includes distinct coverage parts for insuring (1) workers' compensation liability and (2) IYS's liability to its employees that might exist outside workers' compensation law. An accurate, authentic copy of that policy as provided by Key Risk to IYS is attached as Exhibit C and incorporated into this complaint.

6. IYS tendered the defense of the civil suits to Key Risk after they were filed, but before service on IYS. Key Risk declined to provide a defense at that time. IYS re-tendered the civil suits for a defense after service on IYS with responsive pleadings due in each suit. Key Risk repeated its defense denial as to both. No other insurer has provided a defense to either suit.

**THE PARTIES**

7. IYS is a Virginia corporation with its principal place of business in Virginia.

8. Relying on the Virginia State Corporation Commission's public records, Key Risk is an Iowa corporation with its principal place of business in Indiana.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because IYS and Key Risk are citizens of different states, and the disputed amount exceeds $75,000, excluding interest and costs.

10. Venue is proper in this district and division under 28 U.S.C. § 1391(a) because the defendant resides in this district and division. Key Risk's registered agent resides in this district and division as well.

## KEY RISK CONTRACTED TO DEFEND AND INDEMNIFY IYS AS TO BOTH CIVIL SUITS

11. The Key Risk contract's employer liability coverage terms in that policy's "Part Two" promise to defend IYS against such claims. Under Virginia law, the duty to defend hinges on the policy terms and the allegations in the underlying complaint or complaints—the "eight corners rule."

12. The allegations in the complaint in each civil suit trigger a duty to defend because at least some of those allegations, if proven, could lead to a covered judgment against IYS in each suit.

13. For example, the suits each allege that the respective decedents died due to the negligence of IYS. The suits both seek expressly covered damages

including the wrongful death beneficiaries' loss of "services" and "care." Moreover, the suits both allege that IYS's negligence exposed others besides their employees to harm. So the suits ask for damages outside IYS's capacity as an employer. The contract specifically states its coverage includes such damages.

14. Given those allegations, Key Risk cannot clearly show it would not be liable under its contract for *any* judgment based on the allegations in each complaint.

15. Whether or not the underlying civil suits can go forward despite workers' compensation exclusivity has no effect on the duty to defend those suits. Key Risks still owes a defense to weak or meritless claims against its insured, IYS. Nothing in the contract or the law limits the duty to defend to suits with merit.

## COUNT I — DECLARATORY RELIEF

16. IYS repeats the allegations in paragraph 1 through 15.

17. IYS contends that Key Risk contracted to provide liability insurance under which Key Risk owes a duty to defend and indemnify IYS against the underlying civil suits.

18. Key Risk contends otherwise.

19. An actual controversy therefore exists among the parties as to whether Key Risk owes a duty to defend IYS against the civil suits.

20. An actual controversy also exists among the parties as to whether Key Risk owes a duty to indemnify IYS against the civil suits.

## COUNT II — IN THE ALTERNATIVE — BREACH OF CONTRACT

21. IYS repeats the allegations in paragraph 1 through 15.

22. Key Risk contracted to provide a defense to IYS against the civil suits.

23. Key Risk has breached that contract's duty to defend terms by refusing to defend IYS against the civil suits.

24. Key Risk contracted to indemnify IYS against the civil suits.

25. Key Risk has breached both duties under the contract by refusing to indemnify IYS against the civil suits.

26. IYS has performed under its contract with Key Risk and any lack of performance is excused by Key Risk's failure to perform.

27. Key Risk's breach has actually and proximately damaged IYS.

## PRAYER

WHEREFORE, IYS respectfully asks this Court for:

A. An order declaring that Key Risk owes a duty to defend IYS against each of the civil suits;

B. An order declaring that Key Risk owes a duty to indemnify IYS against each of the civil suits;

    C.    In the alternative—a breach of contract judgment against Key Risk in favor of IYS with damages to be proven at trial;

    D.    Pre-judgment and post-judgment interest;

    E.    Costs; and

    F.    All other relief the Court deems proper.

Respectfully submitted,

**INTERCEPT YOUTH SERVICES, INC.**

/s/ John Janney Rasmussen
Virginia State Bar No. 45787
INSURANCE RECOVERY LAW GROUP, PLC
PO Box 38518
Richmond, VA 23231
804.308.1359
jjr@insurance-recovery.com