IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

INTERCEPT YOUTH SERVICES, INC.,

    Plaintiff,

v.                                          Civil Action No. 3:18cv901

KEY RISK INSURANCE COMPANY, INC.,

    Defendant,

---

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

    Intervenor Plaintiff.

## MEMORANDUM OPINION

This matter comes before the Court on Philadelphia Indemnity Insurance Company's ("PIIC") Motion for Leave to Intervene (the "Motion"). (ECF No. 10.) Plaintiff Intercept Youth Services, Inc. ("IYS") responded with consent to the Motion. (ECF No. 12.) Defendant Key Risk Insurance Company ("Key Risk") did not respond and the time to do so has expired. The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[1] For the reasons that follow, the Court will grant the Motion.

---

[1] The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332.

## I. Factual and Procedural Background

IYS brings this declaratory judgment action in response to workers' compensation claims and civil suits brought in the Circuit Court for the County of Prince William on behalf of two deceased IYS employees (the "Underlying Litigation"). (Compl. ¶ 2–3, ECF No. 1.) IYS contends that Key Risk owes it a duty to defend and indemnify IYS in the Underlying Litigation based on the liability insurance policy (the "Policy") that Key Risk issued IYS. (*See id.*) On January 23, 2019, Key Risk filed a Motion to Dismiss, claiming IYS failed to state a claim upon which relief can be granted. (ECF No. 6.) On February 27, 2019, PIIC moved to intervene. (ECF No. 10), which the parties do not oppose, (ECF No. 12).

PIIC insures IYS under two umbrella insurance policies. (Mot. 2.) These policies apply "on an excess basis over certain 'underlying insurance.'" (*Id.* at 3.) PIIC challenges Key Risk's denial of its alleged obligation to defend and indemnify IYS under the Policy due to Key Risk's denial. PIIC asserts that it had to assume the defense of IYS in the Underlying Litigation. PIIC therefore moves to intervene, seeking a declaratory judgment that Key Risk—as the primary insurer—has a duty to defend and indemnify IYS in the Underlying Litigation.

## II. Motion to Intervene

PIIC moves to intervene as a non-party pursuant to Federal Rule of Civil Procedure 24. Based on the record before it, and lacking any opposition, the Court concludes that PIIC timely moved to intervene and that permitting intervention here would not prejudice IYS or Key Risk. The Court will grant the Motion.

### A. Legal Standard

Federal Rule of Civil Procedure 24 offers two avenues for a non-party movant to intervene in a case: (1) intervention as of right; and, (2) permissive intervention. FED. R. CIV.

2

P. 24. PIIC seeks permissive intervention under Rule 24(b).[2] A court may permit a party to intervene permissively when a federal statute gives it a conditional right to intervene or when it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Motions to intervene must also be timely. When deciding whether a movant timely filed her or his motion to intervene, the Court must consider "whether the delay has prejudiced the other parties." *Spring Constr. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980); *see also* FED. R. CIV. P. 24(b)(3) (the Court must evaluate "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights").

### B. The Court Will Permit PIIC to Intervene

The Court finds PIIC's Motion appropriate because PIIC timely moved to intervene and demonstrated that it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).

First, the Court has sound discretion in deciding timeliness under Rule 24. FED. R. CIV. P. 24(b)(1). *See also Alt v. U.S. E.P.A*, 758 F.3d 588, 591 (4th Cir. 2014). When evaluating timeliness, the Court must evaluate: (1) how far the underlying suit has progressed; (2) why the movant was tardy in filing its motion; and, (3) the prejudice to existing parties that would result

---

[2] Alternatively, PIIC seeks to intervene as of right under Rule 24(a). *See Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981) (requiring parties who move to intervene as of right to meet four requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation."). Because the Court will exercise discretion to allow PIIC to intervene under Rule 24(b), the Court need not decide whether PIIC is entitled to intervene as a matter of right. *See, e.g., Pinnacle Bank v. Bluestone Energy Sales Corp.*, No. 7:17CV00395, 2017 WL 8777364, at *1 (W.D. Va. Nov. 14, 2017) (citing *United States ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, F. Supp. 2d 934, 938 (D. Md. 2004)).

3

from allowing the intervention. *See Alt*, 758 F.3d at 591. The Court concludes that each of these factors favor permitting PIIC to intervene here.

As to the first timeliness factor, nothing suggests that this suit has progressed beyond the period in which PIIC may file a motion to intervene. *See id.* On December 31, 2018, IYS filed this declaratory judgment action. On January 23, 2019, Key Risk responded by filing a Motion to Dismiss. On February 27, 2019, PIIC filed this Motion. No activity occurred beyond the filing of the Motion to Dismiss, on which the Court has not yet ruled. Because this litigation remains in its early stages, this factor favors permitting PIIC to intervene.

Under the second timeliness factor, the Court must consider the rationale behind the movant's tardiness in filing its motion to intervene. *See id.* PIIC indicates that it first learned of this matter on February 18, 2019. (Mot. 4). Neither IYS nor Key Risk disputes this assertion. Because PIIC filed the Motion only nine days after learning of the matter, the second timeliness factor also weighs in favor of permitting PIIC to intervene.

The third timeliness factor requires the Court to consider the prejudice to existing parties that might result from allowing the intervention. *See Alt*, 758 F.3d at 591. This factor also supports granting the Motion. IYS responded and consented to the Motion. Key Risk did not respond to PIIC's Motion, thereby foregoing any opportunity to argue that PIIC's intervention would prejudice them. Absent contention to the contrary, the Court cannot find that granting the Motion would prejudice either party. Because each of the timeliness factors suggests that PIIC timely filed the Motion, the Court finds that it so did.

Having determined that PIIC timely filed the Motion, the Court next assesses whether PIIC "has a claim or defense that shares with the main action a common question of law or fact." FED R. CIV. P. 24(b)(1)(B). The Court concludes that PIIC's claim shares a common question of

law with the main action, *Intercept Youth Services, Inc. v. Key Risk Insurance Company, Inc.* (the "Main Action").

PIIC and Key Risk both issued insurance policies to IYS. Due to the Underlying Litigation, a question now arises as to the priority of the policies and the duty to defend and indemnify IYS. In the Main Action, IYS seeks a declaration that Key Risk has a duty to defend and indemnify it in the Underlying Litigation. PIIC seeks a declaration as to this same question, particularly because it is currently defending IYS in the Underlying Litigation despite contending that PIIC does not have that duty as the excess insurer. Both the Main Action as originally filed and PIIC's duty to defend or indemnify IYS will turn on the interpretation of the Policy. Therefore, they share a common question of law: whether the Policy creates a duty to defend or indemnify IYS in the action filed with this Court.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Intervene, (ECF No. 10).

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: April 24, 2019
Richmond, Virginia